# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

RICHARD ALAN DAVIS                                                                    PLAINTIFF
ADC #89568

V.                              No. 2:21-CV-00038-JM-JTR

TIANTHA A. WESTBROOK, Sergeant,
East Arkansas Regional Unit, ADC                                                     DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Richard Alan Davis ("Davis"), is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Corrections ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendant Tiantha Westbrook ("Westbrook"), a Sergeant at EARU, violated his constitutional rights by bringing

disciplinary charges against him in retaliation for Davis filing a grievance against Westbrook. *Doc. 2*. Before Davis may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

It is well settled that "[t]he filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity" sufficient to support a retaliation claim. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). Further, a prison official may not file a disciplinary charge based upon false allegations in retaliation for the inmate's filed grievances against prison officials. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994).

However, a disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Sanders v. Hobbs,* 773 F.3d 186, 190-91 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Stated differently, a retaliation claim fails, *as a matter of law*, if there was "some evidence" to support the disciplinary conviction. *Id.* The Eighth Circuit has clarified that "a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Sanders,* 773 F.3d at 190; *Hartsfield,* 511 F.3d at 831. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, Westbrook wrote a report charging Davis with three disciplinary violations: (1) failure to obey verbal and/or written order(s) to staff; (2) unauthorized use of state property/supplies; and (3) insolence to a staff member. *Doc. 2 at 12*. According to Westbrook's disciplinary report, these charges resulted from Davis sliding an Inmate Grievance Form under the laundry door that stated: "Sgt. T. Westbrook (Laundry Supervisor) is experiencing complications from menopause and/or her menstruation period that has caused her deployable [sic] job performance." *Id.* Westbrook's disciplinary report noted that "Davis has been advised not to slide paperwork under the door and to follow proper protocol, but to no avail." *Id.*

Because the report from Westbrook was "some evidence" to support Davis's disciplinary convictions, and an impartial disciplinary hearing officer reviewed the disciplinary charge written by Westbrook and found Davis guilty of two out of the three charges (*Doc. 2 at 16-17*), Davis has failed to plead a viable retaliation claim.

3

*See Henderson*, 29 F.3d at 469 (explaining that a disciplinary conviction that is supported by some evidence "essentially checkmates" a retaliation claim). Accordingly, Davis's retaliation claim should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Davis's Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 20th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE